In the Matter of Amending the Petition and Letters of Administration in the Estate of WILLIAM PERRIN, Late of the Town of DeKalb, St. Lawrence County, Deceased.

CLINTON PERRIN, Petitioner, Appellant; ALMOND PERRIN and INEZ PERRIN FORTUNE, as Administrators, etc., of WILLIAM PERRIN, Deceased, Respondents.

Third Department, January 10, 1940.

*John J. Conway,* for the appellant.

*Louis C. Cohen,* for the respondents.

HILL, P. J. Clinton Perrin, the appellant, petitioned the Surrogate's Court of St. Lawrence county asking that it modify its decree appointing Almond Perrin and Inez Perrin Fortune administrators of William Perrin, deceased, by including himself as a coadministrator, asserting that he was a legitimate son of the intestate. The application was denied upon a finding that he was an illegitimate son of a woman named Phebe McCrea and the intestate.

It is unquestioned that the intestate and Jennie Perrin were married about fifty years before his death and that there was no divorce. Several witnesses resident of the vicinity where these parties lived testify that there was no separation, and to the presence in the family of the infant child, Clinton Perrin, represented to be the issue of the marriage, who continued to live with his supposed parents until the death of the survivor. Mrs. Perrin, in conversation with neighbors, spoke of him as her son.

The administrator and administratrix appointed are each older than the appellant, and lived away from the parental home during a greater part of appellant's life. They offer proof that about 1898 the father, William Perrin, abandoned Jennie, his wife, and left the vicinity in which he lived with a woman, Phebe McCrea. They present a birth certificate showing that on April 27, 1900, a baby boy was born in the town of Massena, whose mother was Phebe McCrea and whose father was William R. Hodge, the latter being the name which it is asserted the intestate took while he was living with the McCrea woman. It also appears that a woman named Phebe Hodge died on July 20, 1900. It is further asserted that upon the death of the woman McCrea-Hodge the child was taken to the home of Almeda Layo who was a witness and at the time of the trial seventy-nine years of age. She says that in 1900 a man named William Hodge brought a child a year and a half old to her home to be boarded, and that she kept the child for about three years. This is entirely out of line with much of the other testimony offered by those seeking to impugn the legitimacy of appellant, which is to the effect that the intestate was gone about two years and came back in 1900 in deep grief stating that Phebe was dead, and bringing with him a child of the illicit union, which his wife at once received and nurtured as her own. The Hodge child stayed at Mrs. Layo's until he was about four and a half years old, and having been a year and a half old when she began to care for him in 1900, her testimony does not

correspond with the birth certificate, and neither corresponds with respondents' theory. The evidence offered on behalf of the appellant is more persuasive, and in addition he has the benefit of the presumption of legitimacy which is the strongest and most persuasive known to the law. (*Matter of Findlay*, 253 N. Y. 1; *Matter of Matthews*, 153 id. 443; *Hynes* v. *McDermott*, 91 id. 451.) The mode of life and association of the intestate, his wife and this appellant, always indicative of the relation of father, mother and child, strongly corroborates and sustains the evidence and presumption of legitimacy.

A harmonious relation between appellant and his coadministrators is hardly to be expected, in view of the bitter and unusual litigation. A wise and economical administration of the estate doubtless would be accomplished better by a disinterested corporate administrator. Should the contending parties be persuaded of that fact and all renounce, such an appointment might be made either by this court or the surrogate. In the event such disposition is not made, the appellant should be permitted, if he desires, to retain his own counsel in connection with and at the expense of the estate.

The decree should be reversed on the law and facts, with costs. The petition of the appellant Clinton Perrin to be appointed a coadministrator with his brother and sister should be granted, with costs.

BLISS, HEFFERNAN, SCHENCK and FOSTER, JJ., concur.

Decree reversed on the law and facts, with costs.

Unless the three children of decedent stipulate within ten days that some person or corporation be appointed, it is directed that the petition of Clinton Perrin to be appointed coadministrator with his brother and sister should be granted, with costs.